UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE GLEASON, Jr., | No. 2:20-cv-00369-TLN-CKD |
| Plaintiff, | |
| v. | <u>ORDER AND</u> |
| CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION, et al., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

1 | exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2 | **I.        Screening Standard**

3 | The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.        Allegations in the Complaint**

At all times relevant to the allegations in the complaint, plaintiff was an inmate at the

1  California State Prison in Solano ("CSP-Solano").  On July 23, 2019, plaintiff alleges that

2  defendant N. Largoza, M.D. threatened to remove his lower bunk, lower tier ADA housing

3  accommodation and his permanent medical chrono for crutches if plaintiff did not withdraw his

4  602 complaint against the chief medical officer.  ECF No. 1 at 3-4.  Plaintiff refused to withdraw

5  his 602 complaint.  On July 25, 2019, plaintiff was ordered to move to an upper bunk housing

6  assignment.  Id. at 5.  Following his transfer, plaintiff fell from the upper bunk and received

7  injuries.  Id. at 5.

8  In claim two, plaintiff alleges that the California Department of Corrections and

9  Rehabilitation ("CDCR"), another named defendant in this action, violated the Americans with

10  Disabilities Act ("ADA") by denying him a lower bunk accommodation for his permanent

11  disability.  ECF No. 1 at 8.

12  Plaintiff further alleges that defendant Largoza violated the California Disabled Persons

13  Act and the Bane Act based on his threats of retaliation and intentional discrimination against

14  plaintiff due to his disability.  ECF No. 1 at 10-11.

15  **III.    Analysis**

16  The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A

17  screening, finds that it states a potentially cognizable First Amendment retaliation and Eighth

18  Amendment deliberate indifference claims against defendant N. Largoza as well as an ADA

19  claim against the CDCR.  However, plaintiff has not stated a claim for relief against defendant

20  Largoza for violating California Civil Code § 52.1 ("The Bane Act") and California Civil Code

21  § 54 ("The Disabled Persons Act") because plaintiff does not allege that he complied with the

22  California Government Claims Act prior to filing this action.  Pursuant to Sections 810 et seq. of

23  the California Government Code, plaintiff may not bring a suit for monetary damages against a

24  public employee or entity unless the plaintiff first presented the claim to the California Victim

25  Compensation and Government Claims Board, and the Board acted on the claim.  See also Munoz

26  v. California, 33 Cal.App.4th 1767, 1776 (1995).  Compliance with this "claim presentation

27  requirement" or, circumstances excusing compliance, constitutes an element of a cause of action

28  for damages against a public entity or official.  State of California v. Superior Court, 32 Cal.4th

1234, 1244 (2004). State tort claims included in a federal civil rights action may proceed only if the claims were first presented to the state in compliance with this claim presentation requirement. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff may elect to proceed immediately on the First Amendment retaliation and Eighth Amendment deliberate indifference claims against defendant N. Largoza as well as an ADA claim against the CDCR; or, in the alternative, he may elect to amend his complaint to attempt to cure the deficiencies with respect to the state law claims. See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). If plaintiff chooses to proceed immediately on the claims found cognizable in this screening order, the court will construe this as a request to voluntarily dismiss the remaining claims against defendant Largoza pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### IV. Motion for a Preliminary Injunction

#### A. Legal Standards

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On–Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

A motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." Fidelity Nat. Title Ins. Co. v. Castle, No. C-11-00896-SI, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal Practice & Procedure § 2949 (2011)). The plaintiff, as the moving party, bears the burden of establishing the merits of his or her claims. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

#### B. Plaintiff's Motion

In his motion, plaintiff seeks a court order for a lower bunk chrono based on a recent injury that occurred on June 4, 2020 when he was attempting to move to his upper bunk. ECF No. 9 at 5. Plaintiff indicates that the only other option of sleeping on the floor exposes him to COVID-19 because "9 inmates were just removed from this building due to COVID-19

exposure." Id. at 5.

### C. Analysis

The undersigned recommends denying plaintiff's motion for a preliminary injunction without prejudice. First and foremost, the motion is premature. No defendants have been served at this time and thus they have not been provided an opportunity to respond to plaintiff's allegations. See Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Additionally, plaintiff has failed to demonstrate that he is likely to succeed on the merits. The screening standard utilized in this order pursuant to 28 U.S.C. § 1915A is far lower than that needed to demonstrate a likelihood of success on the merits. See 28 U.S.C. § 1915A(b) (stating that a claim need only be "cognizable" in order to avoid dismissal at the screening stage). For all these reasons, plaintiff's motion for a preliminary injunction should be denied.

### V. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not. You may choose to file an amended complaint to try to fix these problems. You must decide if you want to (1) proceed immediately on the First Amendment retaliation and Eighth Amendment deliberate indifference claims against defendant N. Largoza as well as an ADA claim against the CDCR ; or, (2) try to amend the complaint to fix the problems identified in this order with respect to the other state law claims. Once you decide, you must complete the attached Notice of Election form by checking only one of the appropriate boxes and return it to the court.

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for the defendants to be served with a copy of the complaint). **If you do not return this Notice, the court will order service of the**

**complaint only on the claims found cognizable in this screening order and will recommend dismissing the remaining state law claims.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has the option to proceed immediately on the First Amendment retaliation and Eighth Amendment deliberate indifference claims against defendant N. Largoza as well as an ADA claim against the CDCR, or plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to the remaining claim.

4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

5. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient state law claims and to proceed only on the cognizable claims identified above.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 9) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

/////
/////
/////

7

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 22, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/glea0369.option+TRO.doc

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| THOMAS LEE GLEASON, Jr, | No.  2:20-cv-003469-TLN-CKD |
|---|---|
| Plaintiff, | |
| v.<br>CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION, et al., | NOTICE OF ELECTION |
| Defendant. | |

**Check only one option:**

\_\_\_\_\_ Plaintiff wants to proceed immediately on the First Amendment retaliation and Eighth Amendment deliberate indifference claims against defendant N. Largoza as well as an ADA claim against the CDCR.  Plaintiff voluntarily dismisses the remaining state law claims; or,

\_\_\_\_\_ Plaintiff wants time to file a first amended complaint.


DATED:


_____
Plaintiff

9