UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE GLEASON, JR., | No. 2:20-cv-00369-TLN-CKD P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court are plaintiff's four separate motions to compel discovery responses from defendants. ECF No. 32. Defendant Largoza has filed an opposition and the time has expired for plaintiff to file a reply. ECF No. 35. For the reasons explained below, the court will deny plaintiff's motion.

This case is proceeding on plaintiff's complaint alleging a First Amendment retaliation, Eighth Amendment deliberate indifference, and Rehabilitation Act claims against defendant N. Largoza as well as supplemental state law claims for violating The Disabled Persons Act and The Bane Act. The court also found service of the complaint appropriate against the California Department of Corrections and Rehabilitation on an ADA claim. See ECF No. 19 (screening

1

order). A discovery and scheduling order was issued on August 4, 2021 that set the discovery cut-off date as December 10, 2021, by which time all motions necessary to compel discovery were required to be filed. See ECF No. 31. The pretrial motions deadline governing this case is March 4, 2022. ECF No. 31.

## I. Plaintiff's Motions to Compel

In his first motion to compel, plaintiff seeks an order requiring defendant Largoza to respond to plaintiff's first interrogatories numbers 4, 6, and 8 because it "is important to the plaintiff's ability to present his case at trial." ECF No. 32 at 1. Plaintiff attached defendant Largoza's response to his first set of interrogatories, but he does not explain how defendant's responses are inadequate or his objections not justified. ECF No. 32. Plaintiff's interrogatories requested all deliberate indifference complaints made by prisoners against defendant Largoza in the last ten years as well as a medical opinion concerning whether plaintiff currently qualifies for ADA status. ECF No. 32 at 6, 8. Plaintiff's motion also requests an order for the CDCR to respond to plaintiff's Interrogatory Number 4, but plaintiff did not attach this interrogatory request to the motion nor provide defendant's response to it. ECF No. 32 at 4-9.

Defendant Largoza filed an opposition to the motion to compel emphasizing that plaintiff failed to explain how the requested discovery is relevant to the claims at issue in the present case. Additionally, plaintiff did not specify why defendant's objections to Interrogatory Nos. 4 and 8 on the basis of privacy and the official information privilege were not justified. ECF No. 35. Defendant Largoza attached a declaration from the custodian of personnel records at Solano State Prison supporting defendant's assertion of privilege. ECF No. 35-1 at 4-7. Defendant provided a complete response to plaintiff's Interrogatory No. 6 and agreed to supplement his response to Interrogatory No. 8. ECF No. 35-2 at 11-14 (Defendant Largoza's Supplemental Response to Plaintiff's Interrogatories, Set One).

In his second motion to compel, plaintiff indicates that he has not received a response to his Request for Production of Documents seeking "any and all confidential reports associated with Health Care Grievance Log # SOL SC 19000029…." ECF No. 36 at 1. Plaintiff does not explain how this health care grievance is related to the issues in the pending suit.

In his third motion to compel, which consists of a single page, plaintiff seeks a response to his third set of Interrogatories that were served on defendants "on or about October 12, 2021." ECF No. 37 at 1. Plaintiff does not attach the interrogatories nor describe the information requested in them.

Plaintiff filed a separate motion to compel seeking defendants' response to his Requests for Admissions that were served on or about October 23, 2021. ECF No. 38. Once again, the discovery request is not attached to the motion. Plaintiff merely states that defendants have not responded to the request.

**Legal Standards**

The Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Such discoverable information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. The court may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). In a motion to compel, the moving party bears the burden of showing why the other party's responses are inadequate or their objections unjustified. See Williams v. Cate, 2011 WL 6217378 at *1 (E.D. Cal. Dec.14, 2011), citing Ellis v. Cambra, 2008 WL 860523 at *4 (E.D. Cal. Mar.27, 2008).

Here, the court will deny plaintiff's motions to compel. Plaintiff has not met his burden of demonstrating how the requested discovery is relevant to his claims against defendants or how defendant Largoza's objections are not justified. As noted above, in a motion to compel, the moving party bears the burden of showing why the other party's responses are inadequate or their

objections unjustified.  See Williams, 2011 WL 6217378 at *1 ("Plaintiff bears the burden of informing the Court ... for each disputed response, why Defendant's objection is not justified.... Plaintiff may not simply assert that he has served discovery responses, that he is dissatisfied, and that he wants an order compelling further responses."), citing Ellis v. Cambra, 2008 WL 860523 at *4 (E.D. Cal. Mar.27, 2008).  Additionally, it appears to the court that several of plaintiff's discovery requests were not timely served on defendants.  Pursuant to the court's discovery and scheduling order, all discovery requests had to be served no later than 60 days prior to the December 10, 2021 discovery cut-off date.  ECF No. 31 at 5-6.  Plaintiff indicates that he served his discovery requests on or about October 12, 2021 and October 23, 2021.  Therefore, these discovery requests were simply untimely.  For all these reasons, the court will deny plaintiff's motions to compel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions to compel (ECF No. 32, 36-38) are denied for the reasons stated herein.

Dated:  January 3, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/glea0369.m2compel.docx