UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE GLEASON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:20-cv-00369-TLN-CKD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court is plaintiff's post-judgment motion to reopen his case. ECF No. 55. Defendant has filed an opposition to the motion. ECF No. 56. For the reasons explained below, the undersigned recommends denying the motion.

**I.  Motion to Reopen**

On June 23, 2023, plaintiff filed a two page motion to reopen this case because he did not receive the Findings and Recommendations which were adopted by the district judge assigned to this matter on January 3, 2023. ECF No. 55. However, plaintiff's motion also indicates that these same Findings and Recommendations were received, but placed in the wrong file by his daughter who he put in charge of opening his legal mail. ECF No. 55 at 1. The court construes

plaintiff's motion as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Defendant Largoza filed an opposition to the motion emphasizing that there is no factual or legal basis that would justify post-judgment relief. ECF No. 56. Notably, defendant points out that plaintiff does not dispute receiving a copy of the final order or the separate judgment that was entered in this case. ECF No. 56 at 2.

**II.    Legal Standards**

A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263. The legal grounds for setting aside a judgment pursuant to Rule 60(b) include "mistake, inadvertence, surprise, or excusable neglect"; newly discovered evidence, or fraud. Fed. R. Civ. P. 60(b)(1)-(3). A judgment may also be set aside if it is void or has been satisfied. Fed. R. Civ. P. 60(b)(4),(5). A Rule 60(b) motion must be made "with a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment...." Fed. R. Civ. P. 60(c)(1).

**III.    Analysis**

The court has reviewed plaintiff's motion and finds that it does not establish any mistake or surprise, newly discovered evidence, or fraud that relates to the final judgment in this matter. Although plaintiff may have misplaced the Findings and Recommendations in the 14 day period to file objections, he does not dispute that he received a copy of both the final order and the separately filed judgment that was entered. Therefore, he was not surprised about the outcome of his case. As a result, the undersigned finds that plaintiff has not demonstrated any legal basis to set aside the judgment in this matter pursuant to Rule 60(b).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion to reopen his case (ECF No. 55) be denied.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 4, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/glea0369.60b.F&R.docx